UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

    Petitioner,

v.

    Case No. 90-cv-71484

    Honorable John Corbett O'Meara

JOHN PRELESNIK,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO SUPPLEMENT
HIS MOTION FOR RELIEF FROM JUDGMENT [43],
DENYING THE MOTION FOR RELIEF FROM JUDGMENT [41],
DENYING PETITIONER'S MOTION FOR RELEASE ON BAIL [40],
DENYING PETITIONER'S MOTION TO GRANT THE PENDING MOTIONS [42],
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

    This habeas corpus case has come before the Court on petitioner Joseph Johnson's post-judgment motions, including a motion titled "Emergency Motion to Review Motion for Relief from Judgment Based Upon Fraud on the Court 60(b)(6)." Because there is no prior motion for relief from judgment to review in this case, the Court has construed Petitioner's motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Petitioner's other pending motions include a motion to supplement his motion for relief from judgment, a motion for release on bail, and a motion to grant his pending motions. The Court grants the motion to supplement the motion for relief from judgment, but the other motions will be denied for the reasons given below.

1

## I. Background

Following a bench trial in 1985, Petitioner was convicted of second-degree murder and sentenced to life imprisonment. The evidence at trial established that Petitioner aided and abetted his co-defendant in killing Roger Cottingham during an armed robbery. A key prosecution witness was Edith Gibson (Gibson).

Petitioner commenced this action in 1990, alleging that the prosecution withheld Gibson's criminal record and that the state court deprived him of an evidentiary hearing on whether Gibson had committed perjury at his trial when she testified that she had no prior convictions. Former United States District Judge Horace W. Gilmore denied the petition on the basis that any failure to provide impeachment evidence concerning Gibson or to conduct an evidentiary hearing on the issue was harmless because the evidence was sufficient to support Petitioner's conviction without Gibson's testimony.

In 1995, Petitioner filed a second habeas corpus petition in which he alleged that his trial and appellate attorneys were ineffective. Judge Gilmore dismissed the petition after concluding that it was a second or successive petition and that Petitioner had abused the writ. *See Johnson v. Pitcher,* No. 95-cv-76196 (E.D. Mich. Feb. 25, 1997).

In 2015, Petitioner filed a third habeas corpus petition, claiming that Gibson had testified in his co-defendant's case that the co-defendant, not Petitioner, ordered Gibson to remove the victim's pants and empty his pockets. Petitioner claimed that this contradicted Gibson's testimony at his trial where she stated that he ordered Gibson to remove the victim's pants and empty his pockets. United States District Judge Arthur J. Tarnow dismissed the 2015 petition for lack of jurisdiction because the United States Court of Appeals for the Sixth Circuit had denied Petitioner's application for permission

to file a second or successive petition raising this issue. *See Johnson v. Mackie*, No. 15-cv-14233 (E.D. Mich. Jan. 14, 2016). Petitioner now seeks relief from judgment on the basis that the assistant Michigan attorney general who represented the State in this case (Ms. K. Davison Hunter) committed a fraud on the Court by submitting false affidavits to the Court in support of the State's answer to the habeas petition.

## II. Analysis

### A. Legal Framework

Petitioner brings his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). This rule

> allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6), the particular provision under which petitioner brought his motion, permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

*Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (footnote omitted).

The Court must determine whether Petitioner's motion for relief from judgment is, in essence, a habeas corpus petition because a habeas petitioner who wishes to file a second or successive application for the writ of habeas corpus must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.' " *Gonzalez*, 545 U.S. at 530.

A Rule 60(b)(6) motion contains a "claim" if (1) it asserts that, owing to excusable neglect, the movant omitted a constitutional claim in his habeas petition and he seeks

3

leave to present that claim, (2) the movant seeks leave to present newly discovered evidence in support of a claim previously denied, or (3) the movant contends that a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim.  *Id.* at 530-31.  "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute."  *Id.* at 531.

A Rule 60(b) motion does not advance one or more "claims" when it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Id.* at 532.  "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application."  *Id.* at 533.

**B.  Application**

Petitioner alleges that Ms. Davison Hunter, the assistant attorney general who represented the State in this matter, committed a fraud on the Court by relying on, and submitting to the Court, false affidavits from the trial prosecutor and the investigating officer in Petitioner's criminal case.  This is not a "claim" under § 2244 because it attacks an alleged defect in the federal habeas proceeding.  *Id.* at 532; *see also Workman v. Bell*, 227 F.3d 331, 335 (6th Cir. 2000) (stating that "cases of fraud upon the court are excepted from the requirements of section 2244").  The Court, therefore, will proceed to address the merits of Petitioner's motion for relief from judgment, rather than treat the motion as a second or successive habeas petition.

To prevail on his claim, Petitioner must prove conduct

4

> 1) on the part of an officer of the court; 2) that is directed to the judicial machinery itself; 3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; 5) that deceives the court. *See Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993).

*Workman*, 227 F.3d. at 336.

In dispute here are the 1987 affidavits of trial prosecutor John I. Kittel and Sergeant Elmer Harris. In their affidavits, Kittel and Harris deny knowing that Gibson had a criminal conviction. They also deny making any promises to Gibson in exchange for her testimony at Petitioner's trial.

Petitioner alleges that Gibson was charged with a narcotics crime before he was tried for murder in 1985 and that this information was readily available to the prosecution. He concludes from this evidence that the affidavits of prosecutor Kittel and Sergeant Harris are false and, therefore, Ms. Davison Hunter committed a fraud on the court by submitting the affidavits to Judge Gilmore in support of the State's answer to Petitioner's habeas petition.

Exhibits to Petitioner's motion confirm that Gibson was convicted of possessing of heroin in 1984, which was before Petitioner's trial. However, because Gibson was not sentenced until after Petitioner's trial, it is possible that prosecutor Kittel and Sergeant Harris were unaware of Gibson's criminal history when they tried Petitioner. Furthermore, nothing in Petitioner's exhibits suggests that either Kittel or Harris promised Gibson anything for her testimony at his trial.

Petitioner has failed to establish that Kittel's and Harris's affidavits are false. It follows that Ms. Davison Hunter did not act in reckless disregard for the truth when she submitted Kittel's and Harris's affidavits to Judge Gilmore for his review. Petitioner also

5

has failed to show that Ms. Davison Hunter's conduct deceived Judge Gilmore, who concluded from the evidence at trial,[1] that, even if the prosecution failed to provide Petitioner with impeachment evidence regarding Gibson's criminal history, the error was harmless because the record was sufficient to support Petitioner's conviction without Gibson's testimony. *See* Mot. for Relief from J., Ex. 2, ECF No. 41, Pg ID 31-37 (excerpts from Magistrate Judge Komives' report and recommendation and Judge Gilmore's order adopting the report and recommendation).

In conclusion, Petitioner has failed to prove that Ms. Davison Hunter was wilfully blind to the truth, that she acted in reckless disregard for the truth, or that she deceived Judge Gilmore when she submitted prosecutor Kittel's and Sergeant Harris's affidavits

---

[1] Former Magistrate Judge Paul J. Komives summarized the evidence against Petitioner as follows:

> Petitioner testified in his own behalf and admitted coming to the scene of the crime with the co-defendant Milton for the purpose of collecting money allegedly owed to the co-defendant in connection with narcotics transactions. While petitioner at one point denied knowing that his co-defendant had a gun when the two of them entered the building in which the homicide took place, he had admitted such knowledge on a prior occasion.

Mot. for Relief from J., Ex. 2, page 6, ECF No. 41, Pg ID 36.

Magistrate Judge Komives concluded that,

> [t]aken as a whole, the record of the case, even without the incriminating testimony given by Edith Gibson, is sufficient to establish petitioner's participation in the crime of armed robbery and, therefore, to subject him to conviction under the Michigan felony murder rule for second degree murder based upon the killing of Roger Cottingham by petitioner's co-defendant and partner in crime. There also is no basis to suppose that [the trial judge] would have entertained a doubt as to Edith Gibson's testimony implicating petitioner had [the trial judge] been aware that [Gibson] was awaiting sentencing for narcotics charges . . . .

*Id.*

to Judge Gilmore. Consequently, Petitioner has failed to prove essential elements of a fraud-on-the-court claim.

### III. Conclusion and Order

Petitioner's fraud-on-the-court claim lacks merit. The Court therefore denies Petitioner's motion for relief from judgment (ECF No. 41). The Court denies as moot Petitioner's motion for release on bail pending review of his motions (ECF No. 40) and his motion to grant the pending motions (ECF No. 42). The motion to supplement the motion for relief from judgment with additional facts (ECF No. 43) is granted and has been considered.

The remaining question is whether a certificate of appealability (COA) should issue. The Sixth Circuit has "clarified that a COA is necessary not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)." *Johnson v. Bell,* 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)).

> A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have been resolved differently or that the claims raised deserved further review. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

*Id.* at 339.

Petitioner has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not conclude that his fraud-on-the-court claim deserves further review. The Court therefore declines to issue a certificate of appealability.

7

Date: March 15, 2017	s/John Corbett O'Meara
	United States District Judge


I hereby certify that on March 15, 2017 a copy of this order was served upon the parties of record using the ECF system and/or first-class U.S. mail.

	s/William Barkholz
	Case Manager