UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

        Petitioner,

v.                                CASE NO. 90-CV-71484
                                 HONORABLE JOHN CORBETT O'MEARA
JOHN PRELESNIK,        UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION TO ALTER OR AMEND JUDGMENT [Dkt. # 48], THE MOTION FOR RELATION BACK AMENDMENT [Dkt. # 51], AND THE MOTIONS FOR RELEASE ON BAIL [Dkt. ## 50, 52]**

Before the Court is petitioner's *pro se* motion to alter or to amend the Court's opinion and order of March 15, 2017 denying petitioner's Rule 60(b) motion for relief from judgment, in which he sought relief from his 1990 habeas petition, which challenged his 1985 conviction for second-degree murder. Petitioner has filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit regarding the Court's ruling. [Dkt. # 46]. Petitioner has also filed a motion for relation back amendment and two motions for release on bail. For the reasons that follow, the motions are DENIED.

This Court lacks jurisdiction to consider petitioner's motion to alter or amend judgment or his motion for relation back because petitioner has filed a notice of appeal in this case. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."

1

*Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of petitioner's Rule 60(b) motion and his related motion to relate back certain claims. *Workman,* 958 F. 2d at 167-68; *See also Raum v. Norwood,* 93 F. App'x. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Although this Court lacks jurisdiction to alter or amend its judgment, a district court does retain jurisdiction to consider a habeas petitioner's motion for bail, despite the fact that the Court of Appeals has retained jurisdiction over the appeal. *See Jago v. United States District Ct.*, 570 F. 2d 618, 623 (6th Cir. 1978).

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice*. Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. Petitioner failed to establish that he is entitled to

habeas relief; he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x. 620, 621-22 (6th Cir. 2003).

IT IS HEREBY ORDERED that motion to alter or amend judgment (Dkt. # 48), the motion to relate back amendment (Dkt. # 51), and the motions for bail (Dkt. ## 50, 52) are DENIED.

s/John Corbett O'Meara
United States District Judge

Date: August 24, 2017


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 24, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

3