UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JOHNSON,

    Petitioner,

v.

    Case No. 90-cv-71484

    Honorable John Corbett O'Meara

JOHN PRELESNIK,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR AN INDICATIVE RULING UNDER RULE 62.1 [55], DENYING THE MOTION FOR AN EMERGENCY DECISION [54], GRANTING IN PART AND DENYING IN PART THE MOTION FOR EMERGENCY REVIEW REGARDING OFFICER STAWIASZ [56], DENYING THE MOTION TO "REVISE" JURISDICTION [58], GRANTING THE MOTIONS TO ADMIT EXHIBITS [59] AND TO AMEND OR SUPPLEMENT THE MOTION FOR RELIEF FROM JUDGMENT [60], AND DENYING THE MOTIONS TO RENEW THE BOND REQUEST [61] AND FOR EMERGENCY REVIEW OF THE MOTION FOR BAIL [62]**

### I. Background

This habeas corpus case has come before the Court on petitioner Joseph Johnson's post-judgment motions. Petitioner was convicted of second-degree murder following a bench trial in 1985 and then sentenced to life imprisonment. The evidence at trial established that Petitioner

> and his accomplice were acting together to accomplish the same end, i.e., taking of money and drugs [from the victim] in order to settle a narcotics-related dispute. In pursuit of this end, the victim was shot. The actual shooter was the accomplice. According to one prosecution witness, [Petitioner] later encouraged his accomplice to shoot the victim again in the head.

*People v. Johnson*, No. 87847 (Mich. Ct. App. Sept. 15, 1988). The Michigan Court of Appeals affirmed Petitioner's conviction, *see id.*, and the Michigan Supreme Court denied leave to appeal.

Petitioner commenced this action in 1990. He argued that the prosecution withheld the criminal record of Edith Gibson ("Gibson"), a key prosecution witness. He also maintained that the state trial court deprived him of an evidentiary hearing on whether Gibson committed perjury when she testified at his trial that she had no prior convictions. This Court's predecessor, former United States District Judge Horace W. Gilmore, denied the habeas petition on the basis that any failure to provide impeachment evidence about Gibson or to conduct an evidentiary hearing was harmless because the evidence was sufficient to support Petitioner's conviction without Gibson's testimony.

In 1995, Petitioner filed a second habeas corpus petition in which he alleged that his trial and appellate attorneys were ineffective. Judge Gilmore dismissed the petition after concluding that it was a second or successive petition and that Petitioner had abused the writ. *See Johnson v. Pitcher,* No. 95-cv-76196 (E.D. Mich. Feb. 25, 1997).

In 2014, Petitioner began seeking permission from the United States Court of Appeals for the Sixth Circuit for permission to file a second or successive habeas petition. Petitioner argued that newly-obtained transcripts from his co-defendant's trial showed that Petitioner's co-defendant, not Petitioner, ordered Gibson to empty the victim's pants pockets. The Sixth Circuit denied Petitioner's motions on grounds that Petitioner could have discovered the information sooner and that the evidence did not establish his innocence.

In 2016, Petitioner began filing post-conviction motions in this case. In a motion for relief from judgment, he argued that the assistant Michigan attorney general who represented the State in this case committed a fraud on the court by submitting false affidavits from the trial prosecutor and the officer in charge of Petitioner's criminal case. The affidavits addressed the issue of whether the prosecutor and the officer knew of Gibson's criminal record at the time of Petitioner's trial and whether Gibson was promised anything for her testimony. (ECF No. 41).

This Court denied Petitioner's motion for relief from judgment on the basis that Petitioner had failed to prove the essential elements of a fraud-on-the-court claim. *See* Order dated March 15, 2017 (ECF No. 44). Petitioner appealed the Court's order and at the same time moved to alter or amend the order denying relief from judgment. (ECF Nos. 46 and 48). Petitioner also moved for release on bond. (ECF Nos. 50 and 52). On August 24, 2017, the Court denied Petitioner's motions on the basis that he was not entitled to release on bond and that the Court lacked jurisdiction to alter or amend its previous order while Petitioner's appeal was pending in the Sixth Circuit. (ECF No. 53). Now before the Court are Petitioner's subsequent motions.

## II. Discussion

**A. The Motions for an Indicative Ruling** (ECF No. 55) **and for an Emergency Decision on the Motion for an indicative Ruling** (ECF No. 54)

In a motion for an indicative ruling, Petitioner asks the Court to state either (1) that it would grant his prior motion to alter or amend the order denying his motion for relief from judgment or (2) that the motion raises a substantial issue. The legal basis for Petitioner's motion is Federal Rule of Civil Procedure 62.1, which reads in relevant part as follows:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
> **(2)** deny the motion; or
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

Petitioner concedes that the Court had no jurisdiction to consider his motion to alter or amend the order on his motion for relief from judgment while his appeal from the Court's prior decision was pending. Therefore, he asked the Court, pursuant to Rule 62.1(a)(3), to state either that it would grant his motion to alter or amend its ruling on his motion for relief from judgment or that the motion raised a substantial issue.

After Petitioner filed his motion for an indicative ruling under Rule 62.1, the Sixth Circuit Court of Appeals denied Petitioner's application for a certificate of appealability. *See Johnson v. Prelesnik*, No. 17-1432 (6th Cir. Oct. 20, 2017) (ECF No. 57). In light of the Sixth Circuit's order, there is no need for an indicative ruling from this Court as to how it would rule on Petitioner's motion to alter or amend. Accordingly, the Court denies Petitioner's motion for an indicative ruling (ECF No. 55) and his motion for an emergency decision on his motion for an indicative ruling (ECF No. 54).

**B. The Motion Regarding Officer Stawiasz** (ECF No. 56)

Petitioner states in a motion for emergency review that he has obtained information from a newspaper article dated August 26, 2017, that police officer Donald Stawiasz gave false testimony in Desmond Ricks' criminal case. After the fabricated evidence in Ricks' case was exposed, Ricks was released from prison. Petitioner

alleges that Stawiasz also used false evidence to obtain his conviction and that Stawiasz made promises to prosecution witnesses in exchange for their testimony.

The fact that Officer Stawiasz apparently gave false testimony about ballistic evidence in Ricks' case does not necessarily mean that he lied in Petitioner's case when he denied making promises to prosecution witnesses for their testimony. In fact, an exhibit to Petitioner's motion indicates that, when the trial prosecutor in Petitioner's case spoke with Stawiasz on June 5, 1985, Stawiasz specifically denied making any promises to the two witnesses that he interviewed in connection with Petitioner's case. *See* Mot. for Emergency Review Concerning Officer Donald Stawiasz (ECF No. 56, Ex. 3, Page ID 314). Accordingly, the Court grants in part and denies in part Petitioner's motion to review Officer Stawiasz' testimony. The Court grants the motion to the extent that the Court has reviewed Petitioner's exhibits about Officer Stawiasz. The Court denies Petitioner's motion to the extent that Petitioner seeks relief from his state conviction on the basis of the new information about Stawiasz.

**C. The Motion to "Revise" Jurisdiction** (ECF No. 58)

In his next motion, Petitioner argues that, because the Sixth Circuit has completed its review of his case, this Court now has jurisdiction to consider his motion to alter or amend the Court's ruling on his motion for relief from judgment. The Court agrees, but for the following reasons, the Court declines to alter or amend its ruling on Petitioner's motion for relief from judgment.

In his motion for relief from judgment (ECF No. 41), Petitioner argued that the assistant Michigan attorney general who responded to his habeas petition committed a fraud on the Court by submitting false affidavits from the trial prosecutor and the officer

in charge of Petitioner's criminal case. In their affidavits, the prosecutor and the officer deny knowing that Gibson had a criminal conviction at the time of Petitioner's trial, and they deny making any promises to Gibson in exchange for her testimony at Petitioner's trial. The Court denied Petitioner's motion for relief from judgment after concluding that Petitioner had failed to establish that the affidavits were false and that the assistant attorney general in this case committed a fraud on the court.

Petitioner moved to alter or amend the Court's ruling on his motion for relief from judgment. He brought his motion under Federal Rule of Civil Procedure 59(e), which permits a party to move to alter or amend a judgment within twenty-eight days after entry of the judgment. Even assuming that Petitioner's undated motion is timely, the Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.' " *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). This standard is consistent with the "palpable defect" standard found in this District's Local Rules, *id.*, and under Local Rule 7.1, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

Petitioner's motion to alter or amend the Court's ruling on his motion for relief from judgment presents the same issues that the Court, either expressly or by

reasonable implication, has adjudicated. Petitioner also has not demonstrated that the Court made a palpable error when it denied his motion for relief from judgment. He has submitted new exhibits to support his claim that Gibson committed perjury when she testified at his trial, but the exhibits are not persuasive.

One of the exhibits is an affidavit from Gerald Littleton who avers that he, too, was arrested for the murder of the victim. Littleton goes on to say that in 1985 Gibson told him that she lied about Petitioner and that the officer in charge of the case threatened to lock her up if she did not testify against Petitioner. *See* Mot. to Alter or Amend J. (ECF No. 48, Page ID 113).

"[M]otions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Littleton's affidavit is particularly suspect because it is based on hearsay. *Id.* Additionally, the motion is dated March 13, 2013, and Littleton offers no explanation for why he waited twenty-eight years to come forward with information about Gibson. Impeachment evidence, moreover, "is a step removed from evidence pertaining to the crime itself." *Calderon v. Thompson*, 523 U.S. 538, 563 (1998). "This sort of latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions." *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992).

The other exhibit that Petitioner wishes to bring to the Court's attention is an excerpt from a letter that someone employed by the Michigan State Police wrote to

7

Petitioner on August 4, 1992. The letter states that Gibson's conviction did not occur until 1986 and that it could not have been on her computerized criminal history when she testified against Petitioner in 1985. *See* Mot. to Alter or Amend J. (ECF No. 48, Page ID 112). This information undermines, rather than supports, Petitioner's claim that the prosecution knew about Gibson's criminal record at the time of Petitioner's trial.

Even if the Court were to assume for the sake of argument that the prosecutor withheld information about Gibson's record, Judge Gilmore determined that any error in failing to provide impeachment evidence about Gibson was harmless because there was sufficient evidence to convict Petitioner without Gibson's testimony.

Petitioner has failed to show that the Court made a palpable error when it denied his motion for relief from judgment. Accordingly, the Court denies Petitioner's motion to alter or amend its ruling on the motion for relief from judgment.

**D. The Motion to Admit Exhibits** (ECF No. 59)

Next, Petitioner moves to admit two exhibits: (1) an excerpt of Gibson's testimony at Petitioner's preliminary examination; and (2) Gibson's statement to Sergeant E. Harris on February 28, 1985. At the preliminary examination and in her statement to Sergeant Harris, Gibson stated that Petitioner's co-defendant told her to remove items from the victim's pocket. Petitioner contends that the exhibits prove Gibson gave false testimony about his participation in the armed robbery.

The Court grants Petitioner's motion to admit the exhibits and has considered the exhibits when ruling on Petitioner's motions. The exhibits, however, do not persuade the Court to amend or alter its rulings in this case because Gibson implicated Petitioner

in the crime when she testified at Petitioner's preliminary examination and when she provided a statement to the police.

**E. The Motion to Amend or Supplement the Motion for Relief from Judgment** (ECF No. 60)

Petitioner seeks to amend or supplement his motion for relief from judgment with the following items: Sergeant Elmer Harris's affidavit; trial prosecutor John I. Kittel's affidavit; an excerpt of Gibson's testimony at Petitioner's trial; and the transcript of Gibson's sentencing in Recorder's Court for the City of Detroit on May 9, 1986. The Court has read the exhibits and grants Petitioner's motion to admit or supplement his motion for relief from judgment with the exhibits. The Court, nevertheless, points out that it has already denied Petitioner's motion for relief from judgment, and Petitioner's exhibits do not persuade the Court to alter or amend its ruling on the motion for relief from judgment.

**F. The Motions for Bond** (ECF Nos. 61 and 62)

In his final two motions, Petitioner renews his request for release on bond. Petitioner contends that his claim of fraud on the court is substantial and that his case justifies special treatment in the interest of justice. Petitioner also asserts that he needs to be released on bond to conduct further discovery in this case.

Petitioner appears to be under the mistaken impression that there has never been an adjudication of his habeas petition and that the Court re-opened this case when it ruled on his motion for relief from judgment. Judge Gilmore, however, adjudicated the merits of Petitioner's habeas petition, and this Court did not re-open this case when it denied Petitioner's motion for relief from judgment. Therefore, Petitioner's motions for bond pending a decision in this case are denied as moot.

9

### III. Conclusion and Denial of a Certificate of Appealability

For the reasons given above,

•the Court grants Petitioner's motion to admit exhibits (ECF No. 59) and to amend or supplement the motion for relief from judgment (ECF No. 60);

• The Court grants in part and denies in part Petitioner's motion for review of information concerning Officer Stawiasz (ECF No. 56);

• The Court denies Petitioner's motions for an indicative ruling (ECF No. 55), for an emergency decision on his motion for an indicative ruling (54), to alter or amend its ruling on his motion for relief from judgment (ECF No. 58), and for bond (ECF Nos. 61 and 62).

The Court also declines to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's motions or conclude that the issues warrant encouragement to proceed further. *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).


Date: March 29, 2018                                     s/John Corbett O'Meara
                                                         United States District Judge


I hereby certify that on March 29, 2018, a copy of this order was served upon counsel of record using the ECF system, and upon Petitioner using first-class U.S. mail.

                                                         s/William Barkholz
                                                         Case Manager