UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESTER JOHNSON,

       Petitioner,

v.

       Case No. 90-cv-71484

       HON. MARK A. GOLDSMITH

JOHN PRELESNIK,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION (Dkt. 77)
AND REQUEST (Dkt. 78) FOR EMERGENCY REVIEW OF THE COURT'S
OPINION AND ORDER DENYING PETITIONER'S MOTIONS TO ALTER
OR AMEND THE JUDGMENT**

**I.  INTRODUCTION**

Petitioner Joseph Lester Johnson, a state prisoner at the Michigan Reformatory in Ionia, Michigan, commenced this action in 1990 by filing a pro se habeas corpus petition under 28 U.S.C. § 2254 (Dkt. 2).  The habeas petition challenged Petitioner's state conviction for second-degree murder, Mich. Comp. Laws § 750.317.  United States District Judge Horace W. Gilmore, originally assigned to this matter and now deceased, denied the habeas petition on the merits in an order dated December 10, 1990 (Dkt. 23).  In 2018, Petitioner filed a motion for relief from judgment (Dkt. 66) and two motions for emergency review (Dkts. 65, 67).  The Court denied those motions in an opinion and order dated February 26, 2019 (Dkt. 68).  Petitioner subsequently filed motions to alter or amend the Court's February 26, 2019 decision  (Dkts. 69 and 70).  On January 7, 2020, the Court denied those motions (Dkt. 75).

Now before the Court are Petitioner's motion and request for emergency review of the opinion and order, both dated January 7, 2020 (Dkts. 77, 78).  Petitioner filed his motion and

request under Federal Rule of Civil Procedure 60(b), but because he is not entitled to relief from judgment, the Court will deny the motion and request.

## II. BACKGROUND

Petitioner was charged with first-degree murder. The evidence at his bench trial in 1985 established the following:

> [Petitioner] and his accomplice were acting together to accomplish the same end, i.e., taking of money and drugs [from the victim] in order to settle a narcotics-related dispute. In pursuit of this end, the victim was shot. The actual shooter was the accomplice. According to one prosecution witness, [Petitioner] later encouraged his accomplice to shoot the victim again in the head.

People v. Johnson, No. 87847 (Mich. Ct. App. Sept. 15, 1988) (unpublished). Eyewitness Edith Gibson testified about Petitioner's role in the crime, claiming that Petitioner had instructed her to empty the victim's pants pockets. The trial court found Petitioner guilty of second-degree murder and sentenced him to life imprisonment. The Michigan Court of Appeals affirmed Petitioner's conviction, see id., and the Michigan Supreme Court denied leave to appeal.

Petitioner commenced this action in 1990. He argued that the prosecution suppressed Gibson's criminal record and that the state trial court had failed to conduct an evidentiary hearing on whether Gibson committed perjury when she testified that she had no prior convictions. Judge Gilmore denied the habeas petition because the evidence was sufficient to support Petitioner's conviction without Gibson's testimony and, therefore, the alleged errors were harmless (Dkt. 23).

In 1995 and in 2015, Petitioner filed habeas corpus petitions which challenged the same conviction, but raised different issues. Judge Gilmore dismissed the 1995 petition after concluding that Petitioner had abused the writ by filing a second or successive petition, see Johnson v. Pitcher, No. 95-cv-76196 (E.D. Mich. Feb. 25, 1997). United States District Judge Arthur J. Tarnow dismissed the 2015 petition because Petitioner had not received authorization from the Court of

2

Appeals to file a second or successive petition. See Johnson v. Mackie, No. 15-cv-14233 (E.D. Mich. Jan. 14, 2016).

In 2016, Petitioner began filing post-judgment motions in this case. A few of his prior motions sought relief from judgment on the basis that Gibson perjured herself at Petitioner's trial when she testified that, although the police once caught her during a drug raid, she was never charged with a narcotics crime. The Court reviewed and denied those motions under the "abuse of the writ" standard set out in McCleskey v. Zant, 499 U.S. 467, 493-95 (1991) for reasons explained in that opinion.[1] 2/26/2019 Op. and Order (Dkt. 68). The Court stated in its order that Petitioner had failed to show cause for not raising his perjury claim in his initial petition and resulting prejudice.

Petitioner moved to alter or amend the Court's decision under Federal Rule of Civil Procedure 59(e). He argued that there was no factual basis for his perjury claim when he filed his habeas petition, because his trial attorney failed to raise his perjury claim in a motion for new trial and the trial court failed to hold an evidentiary hearing to elicit the relevant facts. See Pet'r Mot. to Alter or Amend J. (Dkt. 69, 70).

---

[1] The Supreme Court explained McCleskey that "[t]he doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey, 499 U.S. at 470. "[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." Id. at 489.

When considering whether a habeas petitioner has abused the writ of habeas corpus through inexcusable neglect, district courts should apply the same "cause and prejudice" standard that is used to excuse a procedural default. Id. at 493. "To excuse his failure to raise the claim earlier, [the petitioner] must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in [the Supreme Court's] procedural default decisions." Id. at 494. "If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. at 494-495.

To support his perjury argument, Petitioner submitted Gibson's arrest record and order of conviction and sentence. The Court concluded that the arrest record did not help Petitioner and that he had not shown cause for failing to raise a perjury claim in his habeas petition. The Court also concluded that Petitioner had not shown he was prejudiced by his failure to raise the perjury claim in his habeas petition and that he had not proven his innocence. 1/7/2020 Op. and Order at PageID.680 (Dkt. 75). Accordingly, the Court denied Petitioner's motions to alter or amend the Court's order dated February 26, 2019. Id. at PageID.682. Presently before the Court are Petitioner's motion for emergency review of the Court's January 7, 2020 order (Dkt. 77) and his request for emergency review of that order (Dkt. 78).

### III. ANALYSIS

#### A. Legal Framework

Petitioner brings his present motion and request under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). These rules permit the Court to relieve a party from an order on the basis of "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief."

"Relief pursuant to Rule 60(b)(6) is available 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule' and 'only as a means to achieve substantial justice.'" Tanner v. Yukins, 776 F.3d 434, 443 (6th Cir. 2015) (quoting Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990)). "[S]uch circumstances rarely occur in the habeas context." Miller v. Mays, 879 F.3d 691, 698 (6th Cir.) (internal citations and marks omitted), cert. denied, 139 S. Ct. 567 (2018). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a

4

meritorious underlying claim or defense." Yeschick v. Mineta, 675 F.3d 622, 628 (6th Cir. 2012) (internal marks and citations omitted).

### B. Application

Petitioner challenges the Court's conclusion in its previous order that he did not show "cause" for failing to raise his perjury claim in his initial petition. He asserts that his appellate attorney's ineffectiveness and the state-court judges' interference with his case were "cause" for his failure to establish a factual basis for Gibson's perjury on direct appeal and in his habeas petition. More specifically, Petitioner asserts that his appellate attorney and the state-court judges failed to provide him or his post-conviction attorney with the transcript of trial and this prevented him from discovering Gibson's perjury. Pet'r Mot. for Emergency Review at PageID.688, 695-696, 708, 710-712, 716 (Dkt. 77). Petitioner contends that he did not discover Gibson's perjury until 1991, when he finally acquired the transcript of trial. Id., PageID.710; Pet'r Request for Emergency Review at PageID.852 (Dkt. 78). By then, Judge Gilmore had dismissed his habeas petition.

Information about Gibson's narcotics charge, however, was available before Petitioner's appellate counsel filed his appellate brief on direct review and even before trial, according to Petitioner. Pet'r Mot for Emergency Review at PageID.748-749. Further, Petitioner admitted in a prior motion that his trial attorney (1) informed him after his sentencing that Gibson committed perjury at his trial and (2) addressed Gibson's criminal record in a motion for new trial. See Pet'r Mot. to Alter or Amend J. at PageID.574-575 (Dkt. 70); 1/7/1987 Mot. for New Trial, Ex. 4 to Pet'r Mot. to Alter or Amend J., at PageID.597 (Dkt. 70). The magistrate judge's report in this case further shows that the information was available earlier:

> [T]he motion for new trial asserted that, although a pretrial order had been entered requiring the prosecution to disclose any promises made to prosecution witnesses

5

> and to make any evidence available that was favorable to petitioner, the prosecutor never disclosed that Edith Gibson was a fugitive who had been convicted of a narcotics charge and had failed to appear for sentencing on September 10, 1984. Petitioner's trial counsel alleged that this non-disclosure of what counsel believed to be "readily available evidence" indicated either a conscious effort on the part of the assistant prosecutor to hide the criminal record of the witness or, alternatively, "that some promise had been made to her to get her [into] Court to testify against" petitioner. The motion for new trial continued by asserting that following Edith Gibson's giving testimony at both petitioner's trial and at a separate jury trial of the actual perpetrator of the homicide, Kenneth D. Milton, she was sentenced to two years probation on May 9, 1986.

Magistrate Judge's Repot and Recommendation, Ex. 2 to Pet'r 11/10/2016 Emergency Mot. to Review Mot. for Relief from J., at PageID.33 (Dkt. 41).

On appeal, moreover, Petitioner argued that the prosecutor suppressed evidence of Gibson's narcotics charge, and the Court of Appeals agreed that the prosecutor may have violated the broad disclosure requirements set forth in Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. See 9/15/1988 Op. and Order of Michigan Court of Appeals, Ex. 2 to Pet'r 9/11/2018 Mot. for Emergency Review and Supplemental Motion for Relief from J., at PageID.548 (Dkt. 67).

It appears from this history of Petitioner's case that he was aware of the factual basis for his perjury claim during the post-conviction proceedings and direct appeal, if not sooner. Accordingly, the alleged failure of appellate counsel and the state-court judges to provide Petitioner with a copy of the transcript of his trial is not "cause" for Petitioner's failure to raise his perjury claim in his initial habeas petition.

Furthermore, appellate counsel's alleged ineffectiveness and the state courts' alleged interference did not prejudice Petitioner. The Court noted the following in its previous order:

> After [Gibson] testified to defendant's role in the fatal shooting, the defense attorney conducted a thorough and searching cross-examination directed toward discrediting her testimony. Although the witness denied any prior convictions, she admitted to habitual use of $70-to-$80 worth of heroin daily at the time of the

6

>incident and to having been caught in a police raid. If, under these circumstances, the witness had admitted to her conviction, the incremental impeachment value attributable to that admission would have been minimal. The trial judge had a full opportunity to evaluate her credibility.

Op. and Order (Dkt. 68, PageID.562) (quoting the Michigan Court of Appeals opinion in Johnson, No. 87847). Thus, Gibson's alleged perjury regarding her criminal history was harmless.

Petitioner's other claims about appellate counsel fail for the same reason that his perjury claim fails: Petitioner has not shown "cause" for failing to raise a claim about appellate counsel in his initial petition or resulting prejudice.[2] He also has not made a credible showing of actual innocence.

## IV. DENIAL OF A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

The Sixth Circuit has "clarified that a [certificate of appealability] is necessary not only to appeal the initial denial of a writ of habeas corpus, but also to appeal from the denial of a motion brought pursuant to Rule 60(b)." Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010) (citing United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate whether the petition could have been resolved differently or that the claims raised deserve further review. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Petitioner has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not conclude that his Rule 60(b) claim deserves further review. The Court, therefore, declines to issue a certificate of appealability.

---

[2] Petitioner alleges that appellate counsel filed a one-page brief which contained false summations, represented him despite a conflict of interest, and failed to raise a meritorious perjury claim. Pet'r Mot. for Emergency Review at PageID.686, 719, 730.

7

Furthermore, the Court finds that this latest attempt to relitigate matters long-since decided is frivolous, so an appeal cannot be taken in good faith. Petitioner is denied leave to file an appeal in forma pauperis. See 28 U.S.C. § 1915(a)(3)

## V.  CONCLUSION

Petitioner has failed to show excusable neglect for his failure to raise a perjury claim in his initial petition. He also has failed to allege a meritorious claim about appellate counsel or any other reason that justifies relief from judgment. Accordingly, the motion for emergency review (Dkt. 77) and the request for emergency review (Dkt. 78) are denied. Furthermore, a certificate of appealability and leave to appeal this order in forma pauperis are denied.

SO ORDERED.

Dated:  November 5, 2020  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2020.

s/Karri Sandusky  
Case Manager