UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESTER JOHNSON,

       Petitioner,

v.

Case No. 90-71484

HON. MARK A. GOLDSMITH

JOHN PRELESNIK,

       Respondent.
_____/

**OPINION AND ORDER
(1) DENYING PETITIONER'S REQUEST FOR EMERGENCY INJUNCTIVE RELIEF
(Dkt. 80) AND (2) DENYING PETITIONER'S MOTION FOR A BAIL HEARING (Dkt.
83)**

This is a closed habeas corpus case under 28 U.S.C. § 2254. Petitioner Joseph Lester Johnson, a state prisoner at the Michigan Reformatory in Ionia, Michigan, has filed an emergency request for injunctive relief (Dkt. 80) and a motion for release on bond pending the Court's decision on his request for injunctive relief (Dkt. 83). The request for injunctive relief is based on a "gateway" claim of actual innocence that the United States Court of Appeals for the Sixth Circuit has already rejected. Accordingly, the Court will deny Petitioner's request for injunctive relief and deny as moot his request for release on bond pending a decision on the request for injunctive relief.

## I. BACKGROUND

Petitioner was charged with first-degree murder. The evidence at his bench trial in Wayne County, Michigan established:

> [Petitioner] and his accomplice were acting together to accomplish the same end, i.e., taking of money and drugs [from the victim] in order to settle a narcotics-related dispute. In pursuit of this end, the victim was shot. The actual shooter was

the accomplice. According to one prosecution witness, [Petitioner] later encouraged his accomplice to shoot the victim again in the head.

People v. Johnson, No. 87847 (Mich. Ct. App. Sept. 15, 1988) (unpublished). Prosecution witness Edith Gibson testified that, after the shooting, Petitioner instructed her to empty the victim's pants pockets. The trial court found Petitioner guilty of second-degree murder, Mich. Comp. Laws § 750.317, as a lesser offense, and sentenced Petitioner to life imprisonment. The Michigan Court of Appeals affirmed Petitioner's conviction, see id., and the Michigan Supreme Court denied leave to appeal.

In 1990, Petitioner commenced this case by challenging his conviction in a pro se habeas corpus petition under 28 U.S.C. § 2254 (Dkt. 2). He alleged that the prosecution withheld Gibson's criminal record, and that the state court deprived him of an evidentiary hearing on whether Gibson had committed perjury when she testified at trial that she had no prior convictions.

United States District Judge Horace W. Gilmore, originally assigned to this matter and now deceased, denied the habeas petition on the merits in an order dated December 10, 1990 (Dkt. 23). He stated that the prosecution's alleged failure to provide impeachment evidence about Gibson or to conduct an evidentiary hearing on the issue was harmless because the evidence was sufficient to support Petitioner's conviction without Gibson's testimony.

In 1995, Petitioner filed another habeas petition, which Judge Gilmore dismissed as an abuse of the writ. See Johnson v. Pitcher, No. 95-76196 (E.D. Mich. Feb. 2, 1997). In 2015, Petitioner filed a third habeas petition, in which he alleged that Gibson had testified in his co-defendant's case that the co-defendant, not Petitioner, had ordered Gibson to remove the victim's pants and empty the pockets. Petitioner claimed that this testimony contradicted Gibson's trial testimony that he ordered her to remove the victim's pants and empty the pockets. United States District Judge Arthur J. Tarnow dismissed the habeas petition because Petitioner had not received

2

permission from the United States Court of Appeals to file another habeas petition. See Johnson v. Mackie, No. 15-14233 (E.D. Mich. Jan. 14, 2016).

In 2016, Petitioner began filing post-judgment motions and requests in this case. He filed motions for emergency review of his case and issues, for release on bond, for relief from judgment, for amendment of the judgment, for reconsideration of the Court's orders, and for permission to supplement his documents. He also filed addendums to his motions and requests (Dkts. 40–43, 48, 50–52, 54–56, 58–62, 65–67, 69–73, and 77–78). The dispositive motions and most of the other motions were denied (Dkts. 44, 53, 64, 68, 75, 79).[1] Now before the Court are Petitioner's request for emergency injunctive relief (Dkt. 80), his addendums to that motion (Dkts. 81, 82), and his motion for a hearing on his request for release on bond pending a decision on his request for injunctive relief (Dkt. 83).

## II. DISCUSSION

Petitioner's request for injunctive relief (Dkt. 80) and supplemental addendums (Dkts. 81, 82) appear to challenge the Court's conclusions in its previous order that (i) Petitioner had not shown "cause" for failing to raise his claims about Gibson and other matters in his first petition, and (ii) Petitioner also had not made a credible showing of actual innocence. See 11/5/2020 Order at PageID.886 (Dkt. 79). Petitioner concedes that he cannot show "cause" for his prior abuse of the writ, Supplemental Addendum at PageID.916 (Dkt. 81), and he does not purport to be raising an independent claim of actual innocence. Instead, he claims that he is innocent of the murder for which he is incarcerated and, therefore, it would be a miscarriage of justice not to entertain his

---

[1] A few motions were granted or granted in part. See 3/15/2017 Order (Dkt. 44) (granting a motion to supplement a motion); 3/29/2018 Order (Dkt. 64) (granting in part a motion for review of information, granting a motion to admit exhibits, and granting a motion to amend or supplement another motion; and 1/7/2020 Order (Dkt. 75) (granting a motion to submit a witness's criminal records).

3

constitutional claims.² Id. at PageID.900, 924; Request for Emergency Injunctive Relief at PageID.888–889 (Dkt. 80). He argues that his claim of actual innocence is a gateway claim that enables the Court to address the merits of his abusive and successive claims. Request for Emergency Injunctive Relief at PageID.889 (Dkt. 80).

The Supreme Court has held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (citing Schlup v. Delo, 513 U.S. 298, 329 (1995)) (other citation omitted). The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (punctuation modified, citations omitted). "And in making an assessment of the kind Schlup envisioned, the timing of the petition is a factor bearing on the reliability of the evidence purporting to show actual innocence." Id. (punctuation modified, citations omitted).

Petitioner's gateway claim is based on what he contends is new, reliable evidence that Gibson testified falsely at trial when she said that he told her to remove the victim's pants and empty the pockets. See Request for Emergency Injunctive Relief at PageID.889 (Dkt. 80); Addendum at PageID.947 (Dkt. 82). The Sixth Circuit has already rejected this claim and concluded that Petitioner could have raised the claim in his first habeas petition. See 9/5/2014

---

² Petitioner's constitutional claims appear to be (i) that his trial attorney was ineffective for failing to challenge Gibson's testimony that both men asked her to empty the victim's pockets, Request for Emergency Injunctive Relief at PageID.894 (Dkt. 80), and (ii) that the trial court must not have believed Gibson's testimony because the court's findings of fact did not mention whether Petitioner told his co-defendant to shoot the victim in the head, Addendum at PageID.947-948 (Dkt. 82). He has also alleged claims of prosecutorial misconduct and fraud on the court. Request for Emergency Injunctive Relief at PageID.888.

4

Order (Dkt. 38) and 10/22/2015 (Dkt. 39). Lower courts are required to adhere to the commands of a superior court. United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994).

In addition, Petitioner has not shown that the Court made a "palpable" error in the Court's previous decision when it concluded that Petitioner had not made a credible showing of actual innocence. See E.D. Mich. LR 7.1(h)(3). Thus, Petitioner has not shown that a miscarriage of justice will result from the failure to adjudicate his constitutional claims on the merits. His request for injunctive relief, based on a gateway claim of actual innocence (Dkt. 80), is denied.

Petitioner's remaining motion seeks a hearing on his request for release on bond pending a decision on his request for injunctive relief. Having denied Petitioner's request for injunctive relief, the Court denies as moot his request for a hearing on whether he may be released on bond pending a decision on his request for injunctive relief.

### III. CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

To the extent a certificate of appealability is needed, a certificate of appealability is denied. "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (punctuation modified, citations omitted). Petitioner has not made a substantial showing of the denial of a constitutional right, and reasonable jurists could not debate whether Petitioner's request for injunctive relief, his motion for a bond hearing, and his claim of actual innocence should have been resolved differently or whether the issues deserve encouragement to proceed further.

Because an appeal could not be taken in good faith, leave to file an appeal in forma pauperis is denied. 28 U.S.C. 1915(a)(3).

## IV. CONCLUSION

For the reasons given in the discussion above, the Court denies Petitioner's pending motions (Dkts. 80, 83). A certificate of appealability and leave to appeal in forma pauperis are denied.

SO ORDERED.

Dated: May 28, 2021  
  Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2021.

s/Karri Sandusky  
Case Manager