UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESTER JOHNSON,

        Petitioner,

                                    Case No. 90-71484

v.

                                    HON. MARK A. GOLDSMITH

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Dkt. 85) AND TRANSFERRING PETITIONER'S MOTION TO EXPAND THE RECORD (Dkt. 87) AND REQUEST TO RE-OPEN THIS CASE (Dkt. 88) TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION**

This is a closed habeas corpus case under 28 U.S.C. § 2254. Petitioner Joseph Lester Johnson, a state prisoner at the Michigan Reformatory in Ionia, Michigan, has filed a motion for reconsideration of the Court's previous opinion and order denying his request for emergency injunctive relief and denying as moot his motion release on bond (Dkt. 84). Also pending before the Court are Petitioner's motion to expand the record on appeal (Dkt. 87) and his request to re-open this case (Dkt. 88). Petitioner brings his motions and request under Rule 60(b) of the Federal Rules of Civil Procedure. He contends that his trial and appellate attorneys were ineffective and that the United States Court of Appeals for the Sixth Circuit erred when it concluded that he could have raised a claim about a prosecution witness in his initial habeas petition.

Petitioner has not shown that the Court erred when it denied his previous request for injunctive relief and for release on bond. Further, his independent claims about his former attorneys are new claims that must be treated as another habeas petition. Accordingly, the Court will deny Petitioner's motion for reconsideration and transfer his motion to expand the record and

his request to re-open this case to the Sixth Circuit for a determination of whether the Court may adjudicate Petitioner's claims about his trial and appellate attorneys.

## I. BACKGROUND

Petitioner was charged with first-degree murder. The evidence at his bench trial in Wayne County, Michigan established:

> [Petitioner] and his accomplice were acting together to accomplish the same end, i.e., taking of money and drugs [from the victim] in order to settle a narcotics-related dispute. In pursuit of this end, the victim was shot. The actual shooter was the accomplice. According to one prosecution witness, [Petitioner] later encouraged his accomplice to shoot the victim again in the head.

People v. Johnson, No. 87847 (Mich. Ct. App. Sept. 15, 1988) (unpublished). Prosecution witness Edith Gibson testified that, after the shooting, Petitioner and his accomplice instructed her to empty the victim's pants pockets and lay the contents on the floor. The trial court found Petitioner guilty of second-degree murder, Mich. Comp. L. § 750.317, as a lesser included offense of first-degree murder, and sentenced Petitioner to life imprisonment. The Michigan Court of Appeals affirmed Petitioner's conviction, see id., and the Michigan Supreme Court denied leave to appeal.

In 1990, Petitioner filed a pro se habeas corpus petition under 28 U.S.C. § 2254 (Dkt. 2). He alleged that the prosecution withheld Gibson's criminal record and that the state court deprived him of an evidentiary hearing on whether Gibson had committed perjury when she testified at trial that she had no prior convictions.

United States District Judge Horace W. Gilmore, originally assigned to this matter and now deceased, denied the habeas petition on the merits on December 10, 1990 (Dkt. 23). He stated that the prosecution's alleged failure to provide impeachment evidence about Gibson or to conduct an evidentiary hearing on the issue was harmless because the evidence was sufficient to support Petitioner's conviction without Gibson's testimony.

Petitioner filed two subsequent habeas petitions, which were dismissed. See Johnson v. Pitcher, No. 95-76196 (E.D. Mich. Feb. 2, 1997); Johnson v. Mackie, No. 15-14233 (E.D. Mich. Jan. 14, 2016). In 2016, he began filing post-judgment motions and requests in this case. In a request filed on December 7, 2020, Petitioner sought emergency injunctive relief on the basis that he was innocent of the murder for which he is incarcerated (Dkt. 80). He also sought release on bond pending a decision on the request for injunctive relief (Dkt. 83). The Court denied the request for emergency injunctive relief and the motion for release on bond. 5/28/21 Order (Dkt. 84). Petitioner now seeks reconsideration of that order (Dkt. 85). He has also moved to expand the record on appeal (Dkt. 87) and to re-open this case (Dkt. 88).

## II. ANALYSIS

### A. Motion for Reconsideration and Addendum

In his motion for reconsideration and the addendum in support, Petitioner alleges that the Court erred when it denied his prior requests for emergency injunctive relief and release on bond. Mot. for Recons. at 8–9. Those requests were based on Petitioner's allegation that Gibson testified falsely when she said that both Petitioner and his accomplice ordered her to empty the victim's pants pockets. See Request for Emergency Injunctive Relief at PageID.889; Addendum at PageID.947 (Dkt. 82).

The Court declined to grant the requests for injunctive relief and release on bond because, in 2015, the Sixth Circuit rejected Petitioner's argument that Gibson's trial testimony about who ordered her to empty the victim's pants pockets was false. 5/28/21 Order at 4–5. The reason the Sixth Circuit gave for rejecting Petitioner's argument about Gibson's allegedly false testimony was that Petitioner could have raised the argument in his initial habeas petition in 1990. See In re

3

Joseph Lester Johnson, No. 14-2348 (6th Cir. Mar. 23, 2015) (Dkt. 38); In re Joseph Lester Johnson, No. 15-1477 (6th Cir. Oct. 22, 2015) (Dkt. 39).

In his motion for reconsideration before this Court, Petitioner asserts that the Sixth Circuit was mistaken about his ability to raise his claim about Gibson in his initial habeas petition. Mot. for Recons. at PageID.966–967. He maintains that he could not have raised his claim about Gibson in his initial petition because he did not receive the transcripts in his case until after his habeas proceeding became final in 1991. Id.; Addendum to Mot. for Recons. at PageID.978, 984 (Dkt. 86).

Petitioner also alleges that his former attorney, who represented him at trial and in the Michigan Court of Appeals, was ineffective. Among other things, Petitioner contends that his appellate attorney was ineffective for (i) failing to discover that Gibson gave false testimony when she said that both men asked her to empty the victim's pocket and (ii) stating in his appellate brief that Petitioner encouraged his accomplice to shoot the victim in the head. Mot. at PageID.975; Addendum to Mot. for Recons. at PageID.979–982.

The Court finds that, even if Gibson falsely testified that both defendants ordered her to empty the victim's pockets and even if Petitioner's former attorney's performance were deficient, Petitioner has failed to establish that he is innocent of aiding and abetting his co-defendant in killing the victim. According to the state trial court's findings of fact, which Petitioner attached to one of his previous filings, see 11/23/20 Supplemental Addendum at PageID.942 (Dkt. 81), both Petitioner and Gibson testified that Petitioner was present during the shooting.

Although Petitioner denied knowing that his co-defendant had a gun before the shooting, the prosecutor impeached him with his prior statement to an officer that, before the shooting, he, his co-defendant, and a man named William Garrett stopped at Garrett's house so that Garrett

4

could acquire a gun.  Id. at PageID.943.  Petitioner testified that he worked for Garrett and that on the night in question, he was attempting to collect money for Garrett.  Id.  The trial court concluded from the facts that Petitioner was aware of what was going on because, before they entered the building, there was some discussion with Garrett that there might be trouble.  Id. at PageID.943–944.

Moreover, Gibson testified that Petitioner instructed his co-defendant to shoot the victim in the head.  Id. at PageID.912.  She testified that after the men instructed her to empty the victim's pockets, she saw both defendants counting the money that was taken from the victim's pockets.  Id. at PageID.943.  She also stated that the defendants subsequently approached her and a few other people in the kitchen of the apartment and asked where the rest of the money and "stuff" was.  Id. at PageID.930–931.  Gibson thought that the incident had been set up because the defendants initially went directly to the victim.  Id. at PageID.931.

The Court concludes from the foregoing summary of the facts that even if Gibson had testified that only Petitioner's co-defendant ordered her to empty the victim's pants pockets and even if trial counsel had impeached Gibson with her prior testimony that Petitioner's co-defendant ordered her to empty the victim's pants pockets, there was evidence that Petitioner aided and abetted his accomplice in killing the victim.  The Court, therefore, did not err in its previous opinion and order when it rejected Petitioner's claim of actual innocence and concluded that Petitioner was not entitled to emergency injunctive relief or release on bond.  Accordingly, the Court will deny Petitioner's motion for reconsideration of its previous opinion and order in this case.

### B. Motion to Expand the Record on Appeal and Request to Re-Open

Petitioner brings his motion to expand the record on appeal and his request to re-open this case under Federal Rule of Civil Procedure 60(b)(6). The basis for both the motion and the request are that Petitioner's trial and appellate attorneys were ineffective.

Petitioner alleges that the attorney who represented him at trial and again in the Michigan Court of Appeals was ineffective for failing to point out that, in a statement to the police and at her preliminary examination, Gibson stated that Petitioner's co-defendant told her to reach in the victim's pants pockets and drop everything on the floor. Mot. to Expand the Record at PageID.991, 993. According to Petitioner, the attorney also was ineffective for pointing out in his appellate brief that Gibson had said Petitioner told his co-defendant to shoot the victim in the head. Id. at PageID.994.

Petitioner alleges that a different attorney represented him in the Michigan Supreme Court. He states that his attorney filed an application for leave to appeal in the Michigan Supreme Court without the benefit of Petitioner's trial transcripts and failed to raise the claim that Petitioner presented to the Michigan Court of Appeals. Id. at PageID.987, 989. In an addendum to his motion to expand the record, Petitioner raises several other claims about his attorneys. Id. at PageID.1001–1002.

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Sometimes, however, a Rule 60(b) motion must be treated as a habeas corpus application, and 28 U.S.C. § 2244(b) places limits on second or successive habeas corpus applications. Under § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that

6

was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Under § 2244(b)(2):

> [a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).

"[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" Gonzalez, 545 U.S. at 530. The habeas statutes and Supreme Court decisions "make clear that a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. For example, a Rule 60(b) motion states a "claim" if it seeks leave to present a claim of constitutional error that was omitted from the habeas petition due to excusable neglect; it seeks leave to present newly discovered evidence in support of a claim previously denied; or if it contends that a subsequent change in substantive law justifies relief from the previous denial of a claim. Id. at 530–532.

7

"A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." Id. at 531 (quoting § 2254 Rule 12). And "in each of these three examples[,] use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." Id. at 532 (citing §2244(b)(3)).

Petitioner's arguments about his former attorneys are new grounds for relief from the state court's judgment of conviction, and a Rule 60(b) motion that seeks to add a new ground for relief advances a claim. Id. at 532. Thus, Petitioner's Rule 60(b) motion is the equivalent of a habeas corpus application, and because Petitioner filed a previous habeas corpus application, he may not assert his "claims" without prior approval from the appropriate court of appeals. § 2244(b)(3)(A). Accordingly, the Court will transfer Petitioner's motion to expand the record and his motion to re-open this case to the Court of Appeals

### III. CONCLUSION

For the reasons given in the discussion above, the Court denies Petitioner's motion for reconsideration (Dkt. 85).

It is further ordered that a certificate of appealability is denied as to the Court's denial of Petitioner's motion for reconsideration because reasonable jurists could not debate whether Petitioner's motion for reconsideration "should have been resolved in a different manner" or whether the issues are "adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (punctuation modified).

It is further ordered that the Clerk of Court shall transfer Petitioner's motion to expand the record on appeal (Dkt. 87) and Petitioner's request to re-open this case (Dkt. 88) to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas petition.

SO ORDERED.

Dated: December 2, 2021  　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan 　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 2, 2021.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　KARRI SANDUSKY
　　　　　　　　　　　　　　　　　　　　　Case Manager