UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESTER JOHNSON,

Petitioner,

v.

Case No. 90-cv-71484
HON. MARK A. GOLDSMITH

JOHN PRELESNIK,

Respondent.
_________________________________/

**OPINION & ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL (Dkt. 98), DENYING MOTION TO GRANT BOND PENDING APPEAL (Dkt. 99), AND TRANSFERRING THE MOTION FOR EMERGENCY REVIEW AND IMMEDIATE CONSIDERATION (Dkt. 100) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

This is a closed habeas corpus case under 28 U.S.C. § 2254. Petitioner Joseph Lester Johnson, a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a motion to appoint counsel (Dkt. 98), a motion for bond pending appeal (Dkt. 99), and a motion for emergency review and immediate consideration seeking relief under Federal Rule Civil Procedure 60(b)(6) (Dkt. 100). For the reasons stated below, the Court will transfer the Rule 60(b)(6) motion to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. The Court will deny the remaining motions as moot.

## I. BACKGROUND

In 1985, following a bench trial in Wayne County, Michigan, Johnson was convicted of second-degree murder and sentenced to life in prison. The evidence at trial established that Johnson aided and abetted his co-defendant in killing Roger Cottingham during an armed robbery. Johnson v. Prelesnik, No. 90-CV-71484, 2017 WL 993224, at *1 (E.D. Mich. Mar. 15, 2017).

In 1990, Johnson filed a pro se habeas corpus petition under 28 U.S.C. § 2254. See Pet. (Dkt. 2). He claimed that the prosecution withheld witness Edith Gibson's criminal record and that the state court erred when it denied an evidentiary hearing on whether Gibson had committed perjury. The petition was denied on the merits on December 10, 1990 by United States District Judge Horace W. Gilmore (Dkt. 23). In 1995, Johnson filed another habeas petition, which Judge Gilmore dismissed as an abuse of the writ. See Johnson v. Pitcher, No. 95-76196 (E.D. Mich. Feb. 2, 1997).

In 2015, Johnson filed a third habeas petition, in which he alleged that Gibson had testified in his co-defendant's case that the co-defendant, not Johnson, had ordered Gibson to remove the victim's pants and empty the pockets. Johnson claimed that this testimony contradicted Gibson's trial testimony that he ordered her to remove the victim's pants and empty the pockets. United States District Judge Arthur J. Tarnow dismissed the habeas petition because Johnson had not received permission from the United States Court of Appeals to file another habeas petition. See Johnson v. Mackie, No. 15-14233 (E.D. Mich. Jan. 14, 2016). Johnson subsequently filed a motion for relief from judgment, asserting new claims, including that the prosecution used Gibson's false testimony of his purported instructions to obtain his conviction and that trial and appellate counsel were ineffective. (Case No. 15-14233, Dkt. 14 at PageID.552, 562, 568). Judge Tarnow transferred the motion to the Sixth Circuit, which denied Johnson authorization to file a second or successive habeas corpus petition because he "failed to show that the purported evidence of Gibson's perjury could not have been discovered previously." In re Joseph Johnson, No. 16-2386 at *2 (6th Cir. Apr. 3, 2017). Since 2016, Johnson has filed multiple post-judgment motions and requests, which have been denied.

Johnson has now filed a document titled "Motion for Emergency Review and Immediate Consideration," through which he seeks relief under Fed. R. Civ. P 60(b)(6) on the basis that Gibson falsely testified that Johnson ordered her to remove the victim's pants and empty the pockets. Mot. for Emergency Review and Immediate Consideration at PageID.1133 (Dkt. 100). Johnson argues that the prosecutor knowingly used Gibson's false testimony to secure a conviction and failed to disclose favorable evidence. Id. He also appears to suggest the prosecutor committed misconduct by coaching the witness "to say both of them told me to empty his pockets." Id. at PageID.1139. Johnson has also filed a motion to appoint counsel (Dkt. 98) and for bond pending appeal (Dkt. 99).

## II. ANALYSIS

Johnson seeks relief under Rule 60(b)(6) based on prosecutorial misconduct. Mot. for Emergency Review and Immediate Consideration at PageID.1139 (Dkt. 100). A Rule 60(b) motion for relief from judgment that attempts to advance one or more substantive claims after the denial of a habeas petition—such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied—should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532 (footnote omitted). A habeas court's

determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at 532 n.4.

This is not the first time Johnson has raised this prosecutorial misconduct claim. Indeed, Johnson advances the same factual predicate for this claim as he advanced in his previous motion for relief from judgment in Case No. 15-14233, which the district court transferred to the Sixth Circuit as a second or successive petition. To the extent that Johnson's Rule 60(b) motion seeks to advance a claim that the Court previously considered and dismissed on substantive, constitutional grounds, the motion amounts to a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A). See Post v. Bradshaw, 422 F. 3d 419, 424-425 (6th Cir. 2005). Transfer is appropriate even though Johnson already has been denied permission by the Sixth Circuit to file a successive petition on the ground that he seeks to advance here. See Lyles v. Horton, No. 20-1562 (6th Cir. Nov. 30, 2020) (Dkt. 12) (holding that district court should have transferred Rule 60(b) motion as a second or successive petition notwithstanding the fact that the Court of Appeals previously denied permission to file a successive petition raising the same grounds). Accordingly, the Court will transfer the motion to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

With respect to Johnson's motion seeking release on bond pending the appeal of his case, Johnson's petition for a writ of habeas corpus has already been decided and this case remains closed. His motion for bond pending appeal is denied as moot. Because the Court has transferred the Rule 60(b)(6) motion, Johnson's motion to appoint counsel is also denied as moot.

## III. CONCLUSION

The Court orders the Clerk of Court to transfer Johnson's motion (Dkt. 100) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). Johnson's motions to appoint counsel (Dkt. 98) and for bond pending appeal (Dkt. 99) are denied as moot.

**SO ORDERED.**

Dated: August 4, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge